# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:16-cr-079 |
| vs. | : | Judge Timothy S. Black |
| KEVIN JETT, | : | |
| Defendant. | : | |

## ORDER TO COMPLY OR SHOW CAUSE

This case is before the Court on Defendant's Motion to Compel (Doc. 28) and the parties' responsive memoranda (Docs. 29 and 30).

On August 17, 2016, Defendant Kevin Jett was charged by way of a single count Indictment with possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1). As part of the Government's investigation into this charge, local law enforcement submitted the subject firearm to the Hamilton County Crime Laboratory for DNA examination. (Doc. 28 at 2).

Upon completion of the examination, Mr. William Harry, a forensic scientist with the Hamilton County Crime Laboratory, prepared an "Official Crime Laboratory Report" containing the results and interpretations of the examination.[1] (Doc. 30, Ex. 1 at 1). Specifically, Mr. Harry identified a DNA profile containing a mixture of DNA from "at least three individuals," and concluded that the profile contained insufficient data for comparison purposes and was uninterpretable. (*Id.*)

---

[1] Notably, the report expressly states that the "Results & Interpretations" section "contain[s] <u>interpretations of the analyst</u> whose signature is [on the report]." (Doc. 30, Ex. 1 at 1) (emphasis added).

In light of the results from the Hamilton County Crime Laboratory, Defendant retained the services of a forensic consultant, Dr. Norah Rudin, to conduct an independent DNA analysis, which analysis Defendant states is necessary for his defense and may have exculpatory value. (Doc. 30 at 2). In order to conduct this independent analysis, Dr. Rudin requested, among other things, a copy of the raw, electronic data. (Doc. 28 at 2). Dr. Rudin states that, "[w]ithout the ability to reanalyze the original raw electronic data, [she] would not be able to competently assist the federal defender." (*Id*. at Ex. 1, ¶ 14).

Initially, counsel for the Government reached out to Mr. Harry at the Hamilton County Crime Laboratory, in an attempt to obtain the requested data. (Doc. 28 at 2). However, Mr. Harry informed the Government that he could not provide a copy of the data without a court order. (*Id*. at 2-3).

Therefore, on June 13, 2017, Defendant filed a Motion asking the Court to order the Hamilton County Crime Laboratory to turn over discovery pertaining to the DNA testing performed in this case. (Doc. 24.) That Motion, which was **unopposed** by the Government, sought judicial intervention because the Hamilton County Crime Laboratory would not cooperate with the Defendant's requests for the pertinent data without a court order.

On June 16, 2017, the Court granted Defendant's motion. Specifically, the June 16, 2017 Order, which was signed by United States District Judge Susan J. Dlott, to whom this case was initially assigned, stated in relevant part:

For good cause shown, it is hereby **ORDERED** as follows:

The Hamilton County Crime Laboratory shall disclose the following materials to the Federal Public Defender's Office:

…

**6. Data files:** copies of all data files used and created in the course of performing the testing and analyzing the data in this case. These files should include all data necessary to, (i) independently reanalyze the raw data and (ii) reconstruct the analysis performed in this case. For analyses performed with GeneScan®, Genotyper®, and/or GeneMapper®, these materials should include:

(6.1) All collection files (such as injection lists and log files for an ABI 310 analysis).
(6.2) All GeneScan® files, including sample files and project files.
(6.3) All Genotyper® files, including templates/macros (see Item 5).
(6.4) All GeneMapper® files, including sample files (.fsa files) and project files (.ser files).
(6.5) If the data you are providing includes files from another case that are not pertinent to the instant case (e.g., sample files from another case included in the same run folder), then please identify those non-pertinent samples by name and laboratory code.

(Doc. 25 at 2). The Court's Order clearly includes disclosure of "data files," which are described in detail and with precise instructions. (*Id.*) In short, the Court's June 16, 2017 Order unquestionably and unambiguously ordered the Hamilton County Crime Laboratory to provide Defendant with copies of the raw electronic data.

However, despite the Court's Order, the Hamilton County Crime Laboratory, through Mr. Harry, who performed DNA testing on behalf of the Government, still

3

refuses to turn over the raw, electronic data.[2] (Doc. 28 at 3). Therefore, defense counsel appropriately filed the instant motion for an order compelling the Hamilton County Crime Laboratory to comply with the Court's June 16, 2017 Order and produce to the Federal Public Defender's Office the raw, electronic data pertaining to the DNA testing performed in this case. (Doc. 28). The Government now opposes Defendant's Motion, arguing that the data is not required to be produced under the Federal Rules of Criminal Procedure and is not within the Government's possession. (Doc. 29).

The issue before the Court is not complicated. <u>The Hamilton County Crime Laboratory's refusal to produce copies of the raw, electronic data violates the Court's June 16, 2017 Order</u>.

Accordingly, Defendant's motion to compel (Doc. 28) is **GRANTED** and the Court hereby **ORDERS** as follows:

(1) The Hamilton County Crime Laboratory is hereby **ORDERED** to comply fully with the Court's June 16, 2017 Order. Full compliance includes producing the raw, electronic data files used in the DNA analysis of this case, as set forth in the Court's June 16, 2017 Order and re-stated above. Production must be accomplished **no later than Friday, February 2, 2018 at 3:00 p.m.**;

(2) Defense counsel shall notify the Court as soon as the data is received or, alternatively, inform the Court after 3:00 p.m. on Friday, February 2, 2018, if the Hamilton County Crime Laboratory has failed to comply; and

---

[2] Defense counsel provides a copy of her email communications with Mr. Harry regarding his refusal to comply with the Court's June 16, 2017 Order. (Doc. 30, Ex. 4). Frankly, Mr. Harry's purported basis for refusing to provide the data despite a court order, as well as his inquiries regarding Defendant's intended use of the data, are so egregious that this Court declines to comment further unless and until necessary.

(3) Should the Hamilton County Crime Laboratory fail to fully and timely comply, it is **ORDERED TO APPEAR AND SHOW CAUSE** as to why it should not be held in contempt of Court. This show cause hearing is hereby scheduled as follows:

**Friday, February 9, 2018 at 11:00 a.m**.
**Courtroom #1, Room 805**
**Potter Stewart United States Courthouse**
**100 E. Fifth Street**
**Cincinnati, Ohio 45202**

Mr. William Harry, specifically, as well as any other representatives involved in the decision not to fully comply with this Court's June 16, 2017 Order, must appear at the February 9 show cause hearing unless the Hamilton County Crime Laboratory has fully and timely complied with this Court's June 16, 2017 Order.

The Clerk's Office shall serve a copy of this Order on the Hamilton County Crime Laboratory, c/o Mr. William Harry, by certified mail. Assuming the Hamilton County Crime Laboratory's full and timely compliance, the Court will issue a notice of compliance and an order vacating the show cause hearing, and will contact the parties to schedule a status conference by telephone shortly thereafter.

**IT IS SO ORDERED.**

Date: 1/25/2018

Timothy S. Black
United States District Judge